### WILLIAMS PATENT CRUSHER & PULVERIZER CO. v. KINSEY MFG. CO.

(District Court, W. D. New York. November 15, 1912.)

PATENTS (§ 328*)—INVENTION—PULVERIZER.

 The Williams patent, No. 939,775, for an improvement in pulverizers, is not so clearly invalid on its face for lack of invention as to warrant its being so declared on demurrer.

In Equity. Suit by the Williams Patent Crusher & Pulverizer Company against the Kinsey Manufacturing Company. On demurrer to bill. Overruled.

Frederick R. Cornwall, of St. Louis, Mo., for complainant.

James L. Hopkins, of St. Louis, Mo., and Harry O. Kingston, of Buffalo, N. Y., for defendant.

HAZEL, District Judge. Demurrer to bill for infringement of patent No. 939,775, issued November 9, 1909, to Milton J. Williams, for an improvement in pulverizers, on the ground that said patent is invalid upon its face for want of novelty. The specification substantially states that the pulverizers have pivoted revolving hammers, which crush the material put into the hopper as it lies upon the bottom plate, and that the crushing operation continues as the material is carried over the grinding surface and dropped through openings therein into a suitable receptable.

Complainant claims that the hammers in prior patents from frequent use became worn away, the striking ends receding from the grinding surface and the capacity of the pulverizer diminishing. To overcome the difficulty the hammers were made adjustable by mounting

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

them on pivot bolts, so that they might be withdrawn and inserted in other openings of a series farther removed from the shaft of the machine. This method of mounting the hammers, however, did not wholly overcome the objectionable features of the prior art, and the patentee herein designed different means for adjusting the hammers—the specific means described in the specification, which says:

"It is the purpose of my present invention to provide means whereby these revolving hammers or beaters may be adjusted outwardly to take up this wear (or inwardly, if occasion requires, as when a new cage is introduced to replace a worn one), said means consisting of pivotally mounted hammer supports which carry hammers at their outer ends, and whose inner ends co-operate with rods adjustably mounted in disks, so that, when a rod is adjusted, all of the hammers in that longitudinal row are adjusted."

And the result of such means or alteration is that the adjustment of the hammers to enable the striking ends thereof to suitably crush the material may be made without withdrawing the hammers on the pivot bolts or removing them from position.

The defendant contends that nothing patentable was created; that mere adjustability of parts does not constitute invention. It is a cardinal rule of patent law that only when the question of patentability is absolutely free from doubt may it be adjudged on demurrer, and there is always a reluctance on the part of courts to hold a patent void without a hearing upon a complete record on answer and proofs. To substitute for such a hearing my impressions and individual judgment upon a mere inspection of prior patents, which were probably lacking in efficiency, and which a later patent designs to improve, would not be proper.

While it is true that but little inventive faculty may be involved in adjusting the hammers outwardly to take up the wear, or in pivotally mounting their supports to achieve the result, yet, as substantially said by Judge Wallace in Beer v. Walbridge, 100 Fed. 465, 40 C. C. A. 496, concerning the exercise of the inventive faculty, that while what was done by the patentee might have been the obvious thing to do, and merely a matter of ordinary mechanical adaptation, nevertheless the patent, by reason of its grant, carries with it a presumption of novelty, and the question of obviousness, one of fact, is not infrequently decided upon the commercial appreciation accorded the patent by the purchasing public.

In this case I am unable to determine on the record before me that the alterations were not patentable improvements over the prior art, and that the means adopted for pivoting the hammers were old, or that they simply consist of such changes of form or function as an ordinarily skilled mechanic could make.

The question is too doubtful to allow of a decision upon the face of the patent, and accordingly the demurrer is overruled, with costs.